Good morning. Faye Arth on behalf of Ms. Henderson and her parents are also here, Mr. and Mrs. Henderson. When I first got the order dismissing the case summarily, well, I couldn't believe it because in 30 years of practice, I've never had a court just summarily dismiss something without even contacting counsel or notifying counsel. And in this particular case, the law requires some notification to counsel so that counsel can remedy the whatever error or defect the court finds. So reviewing all the law, it looks like all the laws on our side, the case that the court relied on, the district court relied on, in this Sherwood case, anti-parallel proceedings clearly doesn't apply to mixed habeas. Could I ask sort of a basic question here? So let's say that we agreed with you that the district court was wrong. It looked like from your brief that all of the remaining 15 counts have now been disposed of or addressed by the state court on, the first one was on timeliness grounds and then the others were without comment. That's what you had in your brief, correct? Yes. And so if we agreed with you and sent it to the district court, the district court would then have a petition from you that was fully exhausted. Is that, am I understanding that right? So the whole mixed petition thing is no longer, would no longer be? It is moved. It is moved at this point. We filed an amended, we filed a petition. Of course, the prosecution is arguing that it's untimely because we missed our deadline. So let me just tease out further from what Jakuta asked you. So if we were to agree with you that what the court should have done was to stay and obey and wait for the state court to act, which it's now done, if we hold that that was error, then the case would go forward on the merits now because it's been exhausted. And that's what you're asking for. Yes. So we're not here about the merits at all. No, we just want to be heard. What you want us to do is remand. And if there's a timeliness issue, you want us, I'm sure, to say that there should be an amendment allowing all of the issues that were disposed of by the state included. Yes. They're all exhausted now. They're all exhausted. And so you'd have an opportunity to argue cause and prejudice or whatever it was on the other 15. Is that right? And before the district court. Is that what you're? And then the two claims that were exhausted when you raised them to the district court would be on the merits. Well, actually, one of the things that I've considered is equitable tolling, which is what I've raised in the briefing below in the court. But, again, that's not really for us in the first instance. Right. But there is case law that says if a district court erroneously dismisses a petition, we're entitled to equitable tolling. Right. For purposes of the AEDPA statute of limitations. But that's not an issue, right? Pardon me? I didn't hear. I'm sorry. So the budge case says equitable tolling for purposes of AEDPA statute of limitations. Yes. Well, did you have all of the claims in your initial petition to the federal courts? Yes. The same ones that were in the state court? Yes. So if we reverse and note that there's exhaustion, and the district judge should proceed with a petition that would include all the claims? Yes. Okay. That would be fine. If the court has any other questions, I'd like to save time for rebuttal. You may. Okay. Thank you. There's definitely no law that requires counsel to use all their time. Okay. Thank you. One of the few things I feel free to say from the bench about law. Mr. Wood. Good morning. Metcalfe's Court, William Wood, Deputy Attorney General. The question before the court is abuse of discretion by the district court in entering the order that it did. The federal habeas petition was filed. I thought we had de novo review when a habeas claim is dismissed. That is true. It's de novo in federal habeas. The Certificate of Appealability asks us to address whether the court has used its discretion. Right. But the Certificate of Appealability doesn't govern our ultimate decision about the appropriate standard of review. So if it refers to the wrong one, we're not bound by the Certificate of Appealability to do what it said. So leaving aside that question, what is our proper review? Well, it is de novo. However, the court is looking at the exercise of discretion by the district court in the order that it made in the context of the pleadings that was before it. And why? Mr. Go ahead, Judge. I'm sorry. All the court said is, as I understand it, we've got he hasn't exhausted his remedies, dismissed. And that's contrary to every one of the more recent cases that I know of. I'm not saying every one of the circuits, but I know it's contrary to our circuit. And from the cases I read here, it's contrary to the Ninth Circuit. And if you want us to affirm, we'd certainly put the law upside down, I think. Well, I don't think the court was mistaken in the context in which it was presented with the case. The case could have been filed with the three exhausted claims as a fully exhausted petition and it could have been accompanied by a motion for a stay under. Well, even without a motion, why shouldn't the court have, as a routine matter, used a stay and obey procedure? Well, in the first place, stay and abeyance, if I'm understanding correctly, under Rines, is not appropriate absent certain showings that have to be made. And even Rines said that it would be a limited circumstance that it would be applicable. And neither at the initial stage of the pleadings, nor the 59E motion, were the requirements of Rines met for stay and abeyance. But didn't we say in Jefferson v. Fudge that it's mandatory to give the petitioner submitting a mixed petition the Rose v. Lundy options? I think that you have to take that in the context of Jefferson, which was a pro se petitioner. The courts, district courts, deal with these individuals pretty routinely and are well aware of the fact that they are incarcerated, most always, they do not have the assistance of counsel, and perhaps they might have a in-custody person assisting them. So it would be helpful, I think, and appropriate for a district court to alert somebody who might not be aware of that type of situation to do so, but not when the court is dealing with counsel. Not when counsel files a petition in this circumstance and doesn't ask for and alert the court that that's what they're asking the court to do. Do you have a case suggesting that Fudge is limited to the pro se context, or you're just reading the facts of Fudge? I'm simply looking generally at the context in which the courts have required options to be given. And in all of the cases that we have before the court that seem to be turning on the decision here, they also need pro se petitioners who have limited ability to deal with what can be complex procedural issues. And that's why the court here didn't abuse its discretion when it acted as it did, because it was dealing with a petition filed by counsel in which it gave no indication a stay was sought, no indication an amendment was sought, no indication of anything. It just left it for the district court. And I don't think that can be called an abuse of discretion when the court can look at counsel and assume that they are aware of the law and haven't asked for something that they could be aware of, that they could be asking for, but the court can act accordingly. And so it's our position that, number one, the stay and abeyance under Rhines has never been shown applicable under any of the factual circumstances. The dismissal procedure under Kelly was available to counsel both before the petition was filed in the form of filing an exhaustive petition with a motion. The next petition could have been filed and accompanied by a motion to amend and to stay, or an immediately exhaustive petition, amended petition, could have been filed with a motion for stay. All those things, all those options were alerted to the district court, but that's what they wanted. So the motion to reconsider actually did alert the district court, right? Pardon me? The motion to reconsider did alert the district court that the petitioner was requesting all of those things? The motion to reconsider did cite two, Kelly and King and Pace and Rhines. It did assert the court should have done the things that were available and could have been done had counsel alerted the court at the outset. But I don't think the court could see that the 59E motion has demonstrated any error in its proceedings initially when all of those options were available and had been, for whatever reason, ignored. Now, our feeling is that if the court sees an error here, it should not be in Rhines, in the Rhines context, because there's never been any showing of the requirements for stay and abeyance. It would only give a Kelly context where an opportunity to dismiss unexhausted claims was not given, and that is the limit of the remedy that should be given. Counsel should be allowed to file a petition with the three unexhausted claims and then proceed accordingly with exhaustion having been reached. It could seek to amend in the newly exhausted claims as would normally be the case in a Kelly cut situation. So our position is, Rhines does not apply, the court didn't err under Kelly when it wasn't asked to do so, and even if it did, the ruling should be very limited in terms of the remand. With those comments, without further questions, I would be happy to submit. Thank you, counsel. You may do so. Ms. Arfa? Yes, thank you. Just to respond briefly as to what should have been done, could have been done, you know, if you look at it, the court basically took four working days. Petition, as I recall, was called on Monday. By the following Monday, it was dismissed. So my experience has been, in the past, if there's something wrong, there'll be an order to show cause, something to put counsel on notice if there's a serious defect. But again, as the court noticed, with the motion for reconsideration, the court said Sherwood required dismissal because either a direct appeal or a state habeas would resolve petitioner's concern. So regardless of whether a state was granted or not or asked for, the response would have been the same, that it was required under Sherwood. So in terms of what could have been done, it probably wouldn't have mattered anyway, but we don't know. But there's a lot of things the court could have done or whatever. It just didn't happen. We are allowed under Rimes to file a mixed petition. We don't have to do what counsel is suggesting, which is only file your exhausted claims, bring up your unexhausted claims, and then ask for a stay. It isn't even clear as to whether, if you file your exhausted claims and then you bring up your unexhausted claims, whether you're still going to have to file some sort of stay or something. I mean, something's got to be filed. So I don't know why counsel would say, well, she would have been okay if she just filed her three exhausted claims. This is an extremely serious case. My client is serving two life terms without the possibility of parole. There are 22 claims which demonstrate her factual innocence. As far as what between counsel and pro pers, it seems, without really getting into this issue, a denial of equal protection, I mean, why should pro pers who have nothing else to do but sit in the library and work on their case be treated differently than counsel who have lots of cases and obligations and this and that? I just can't really understand it myself, but I understand that there may be some greater leeway to pro pers. But in this case, we did what the law says you can do, which is to file a mixed petition. And before we could even really turn around, the case was dismissed, which is really highly unusual for any court to do. And not only that, even if we would have filed the request for stay and obey or under brines, that would have been dismissed, too, because the court was sure to mean that if there was anything pending in state court, you have to wait. So unless the court, and we would like all 18 claims to be heard. We did everything we could. We filed the reconsideration. We filed the notice of appeal. That was even denied. The certificate of appealability was denied by the district court also. So if it wasn't for this court, we wouldn't even be here. So we did everything we thought was right. We worked diligently on the case. We want the chance to be heard. That's really all we're asking for. Unless the court has any other questions, I'd like to thank everyone. Thank you, counsel. Thank you. We appreciate the arguments from both of you. And the case is submitted.
judges: Bright, Graber, Ikuta